**TAULAGA M. MASANIAI, Appellant**

**v.**

**PATEA SIAFONO, Appellee**

High Court of American Samoa
Appellant Division

AP No. 19-89

December 18, 1990

Before REES, Associate Justice, FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, and LOGOAI, Associate Judge.

Counsel: For Appellant, Fai'ivae A. Galea'i
For Appellee, Asaua Fuimaono

---

\* Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Andrew J. Kleinfeld, District Judge, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

On Motion for Rehearing:

We dismissed this appeal for lack of jurisdiction. Appellants now petition for rehearing. The petition does not appear to disagree with our holding that we had no jurisdiction. Rather, counsel for appellants states that he "would like again, to extend . . . deep apologies" for "the unintentional jurisdictional and non-jurisdictional defects" in the appeal.

The petition is devoted largely to a discussion of the merits of the Rule 60(b) motion for relief from judgment, from whose denial the appeal had been taken. The principal contention is that appellant did not learn until 1984 about the 1966 judgment from which relief was sought below, and that this was because his former counsel had failed to communicate with him.

The allegations against former counsel, if true, might or might not give rise to a cause of action for malpractice. They cannot, however, supply this court with jurisdiction it does not have. Our jurisdiction is defined by statute. The statute, A.S.C.A. § 43.0802, provides that the Appellate Division can hear an appeal only if a motion for new trial has been made within ten days of judgment, and only if a notice of appeal has been filed within ten days of the denial of a motion for new trial. Unlike violations of non-jurisdictional rules, for which the Court has the power to impose sanctions other than dismissal if the interests of justice would thereby be served, a would-be appellant's failure to comply with the mandatory steps necessary to give the Court jurisdiction leaves the Court powerless to grant any relief at all. An order issued by a court without jurisdiction is null and void.

Both the 1966 judgment awarding the disputed land to appellee Patea and the decision below denying relief from this judgment are final. The appellant has exhausted the available remedies. The point beyond which further attempts at relitigation can amount to nothing but harassment was passed some time ago.

The petition for rehearing is denied.